# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DALE R. HURLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1543** (BOR Appeal No. 2045961)
              (Claim No. 2006051502)

**UNION STAMPING & ASSEMBLY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dale R. Hurley, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Union Stamping & Assembly, Inc., by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 13, 2011, in which the Board affirmed an April 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 28, 2010, Order denying Mr. Hurley's request for bilateral carpal tunnel syndrome release and physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hurley sustained injuries to his right shoulder and lower leg on June 19, 2006, while working for Union Stamping & Assembly, Inc. On May 7, 2007, the Office of Judges held Mr. Hurley's claim compensable for bilateral carpal tunnel syndrome. Mr. Hurley previously requested authorization for bilateral carpal tunnel release surgery and four weeks of post-operative physical therapy that request was denied by the claims administrator because there was no clinical indication of carpal tunnel decompression. The Office of Judges and the Board of Review affirmed the claims administrator's denial and this Court refused on appeal.

1

On May 18, 2010, Dr. Tao again requested authorization for bilateral carpal tunnel release surgery and three weeks of post-operative physical therapy because Mr. Hurley complained of numbness and tingling in the right middle finger, little finger and thumb, and Tinel's Sign and Phalen's Maneuver were both positive. On May 26, 2010, the claims administrator denied authorization for the bilateral carpal tunnel release and three weeks of post-operative physical therapy. The StreetSelect Grievance Board considered Mr. Hurley's request for bilateral carpal tunnel release surgery and three weeks of post-operative physical therapy and recommended that the requested treatment be denied. The claims administrator issued another Order denying authorization of the bilateral carpal tunnel release surgery on July 28, 2010. On April 25, 2011, the Office of Judges affirmed the claims administrator's Order of July 28, 2010. On October 13, 2011, the Board of Review affirmed the Office of Judges' April 25, 2011, Order denying the bilateral carpal tunnel release surgery and three weeks of post-operative physical therapy. Mr. Hurley appealed.

Dr. Mukkamala examined Mr. Hurley on May 3, 2007, and November 2, 2007, and found that Mr. Hurley had reached maximum medical improvement for both his shoulder and carpal tunnel syndrome. Dr. Mukkamala concluded that Mr. Hurley needed no further medical treatment. On November 26, 2010, Dr. Mukkamala reviewed Mr. Hurley's records again and found no evidence of carpal tunnel syndrome. On June 12, 2007, Dr. Armbrust performed a detailed neurological examination on Mr. Hurley and concluded that there was no evidence of an objective deficit and that Mr. Hurley's symptoms were not ideal for carpal ligament release. On August 7, 2007, Dr. Paul Bachwitt evaluated Mr. Hurley and found that he had reached maximum medical improvement with no impairment. Dr. Bachwitt found no clinical signs of either right or left carpal tunnel syndrome.

The Office of Judges found that the preponderance of the evidence does not support authorizing bilateral carpal tunnel release surgery or post-operative physical therapy. The Office of Judges noted that Drs. Mukkamala, Bachwitt, and Armburst all recommended against Mr. Hurley having the requested surgery. The Office of Judges also noted that since the prior denial of carpal tunnel release surgery, the only new evidence introduced by Mr. Hurley was the May 18, 2010, treatment note of Dr. Tao and Dr. Tao's September 17, 2010, medical statement. The Office of Judges was not persuaded by Dr. Tao's treatment note and found that Dr. Tao's September 17, 2010, medical statement is an unsupported statement. The Office of Judges found that the evidence indicates that Mr. Hurley would not benefit from carpal tunnel release surgery and that the denial of the requested medical benefits was proper. The Board of Review reached the same reasoned conclusions in its decision of October 13, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum